FILED

2005 Sep-20 PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JAMES McCONICO, JR.,　　　　　　　　]
　　　　　　　　　　　　　　　　　　]
　　　　　　Petitioner,　　　　　　　]
　　　　　　　　　　　　　　　　　　]
vs.　　　　　　　　　　　　　　　　]　　　　CIVIL ACTION NO. 02-SLB-RRA-1710-S
　　　　　　　　　　　　　　　　　　]
WARDEN GRANT CULLIVER and　　　　　]
THE ATTORNEY GENERAL FOR　　　　　 ]
THE STATE OF ALABAMA,　　　　　　　]
　　　　　　　　　　　　　　　　　　]
　　　　　　Respondents.　　　　　　 ]


## <u>MEMORANDUM OPINION</u>

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. The petitioner, James McConico, Jr., was convicted on April 24, 1991, in the Circuit Court of Jefferson County, on his "best interest" plea of guilty to manslaughter. He was sentenced on the same day, to a term of imprisonment for ten years. However, the trial judge suspended McConico's sentence and placed him on two years' probation. Then, the trial judge terminated McConico's probation and closed the case, noting that he had already served over seven years in state prison for this offense. McConico filed several unsuccessful petitions in state court challenging the conviction and sentence.

On January 12, 1996, McConico filed a petition for a writ of habeas corpus in this court. *McConico v. Hall*, CV-96-C-0094-S. In support of his petition, McConico claimed that: 1) his guilty plea was unlawfully induced or not voluntarily made; 2) the state withheld an affidavit executed by Sharon Mitchell, indicating that "the district attorney knew she was not telling the truth prior to [his]

trial"; 3) his attorney was ineffective for failing to "understand the applicable law surrounding a[n] Alford Plea . . . therefore inducing [McConico] to plea[d] guilty on facts that were a mis-interruption [sic] of the law"; and 4) he was never informed by his attorney or the court of his right to appeal. The petition was dismissed with prejudice on August 21, 1996, on the grounds that the petition was facially frivolous, malicious, failed to state any claim for relief against any defendant, and/or constituted an abuse of process and, in light of McConico's other prolific filings, constituted an abuse of access to the court as prohibited under the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g). On October 19, 1998, the Eleventh Circuit Court of Appeals held that the district court erred in dismissing the petition pursuant to § 1915(g), but affirmed the dismissal of the petition "on the bases of [the court's] alternative grounds." The United States Supreme Court denied McConico's petition for writ of certiorari on April 19, 1999.

McConico has filed two applications in the Eleventh Circuit Court of Appeals seeking permission to file a second or successive petition challenging his 1991 manslaughter conviction. In the first, McConico indicated that he wished to raise the following two claims in a second or successive petition: 1) that the state breached its plea agreement; and 2) that the trial court lacked jurisdiction to accept his plea since there was no indictment to the charge of manslaughter. The Eleventh Circuit Court of Appeals denied this application, noting that McConico admitted that neither of his claims relied on a new rule of constitutional law or newly discovered evidence, therefore the claims "fail[ed] to meet the statutory criteria. 28 U.S.C. § 2244(b)(2(A) and (B)." Respondents' Exhibit M.

In his second application for leave to file a second or successive habeas petition, McConico presented the court with three claims he wanted to raise in another habeas petition, including a claim

of actual innocence based on an affidavit by Sharon Mitchell, a state witness, who admitted to testifying falsely at McConico's trial.  The Eleventh Circuit Court of Appeals again found that McConico had failed to satisfy § 2244(b)(2) and denied his application to file a successive habeas petition.  Respondents' Exhibit N.

McConico has now filed a second federal habeas petition challenging his 1991 manslaughter conviction.  In support of his current petition, purportedly filed pursuant to 28 U.S.C. § 2241, McConico claims that: 1) he is innocent of the crime of manslaughter, as evidenced by the affidavit of Sharon Mitchell; and 2) the trial court lacked jurisdiction to accept his guilty plea because manslaughter was not charged in the indictment and was not a lesser included offense.

In response to the court's order to show cause, the respondents have filed an answer, in which they assert that the petition is due to be dismissed.  The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases.  In response, the petitioner has filed an unsworn traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (b)(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

The clear effect of this provision is to establish a statutory pre-condition to the filing of a "second or successive" habeas petition, requiring the applicant to obtain the authorization of the United States Court of Appeals for the Eleventh Circuit **before** it is filed in the district court.  The purpose of the statute is to prevent the filing of successive petitions and to deprive the district court of jurisdiction to consider successive petitions unless and until it has been authorized by the appropriate court of

3

appeals.  The new restrictions on successive petitions apply to a successive habeas petition even if

the first petition was denied prior to the effective date of the AEDPA.  *In re Medina*, 109 F.3d 1556,

1561 (11th Cir. 1997).

McConico purports to file his federal habeas petition pursuant to 28 U.S.C. § 2241 rather

than § 2254.  Regardless of the label on the petition, habeas petitions filed by state prisoners are

governed by 28 U.S.C. § 2254.  McConico claims that he has filed this petition pursuant to 28 U.S.C.

§ 2241 "because a claim of actual innocence has been recognized by some courts as being bases for

review under section 2241 when section 2254's restrictions foreclose subsequent petition."

However, it is obvious that McConico has labeled his petition as a § 2241 petition in an attempt to

avoid the requirement of § 2244(b)(3)(A) that he obtain authorization from the Eleventh Circuit

Court of Appeals before filing a successive § 2254 petition in this court.  Petitioners are not

permitted to circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and

2255 merely by labeling a petition as one brought under § 2241.  McConico's current petition is in

fact governed by the requirements of § 2254.

It does not appear that McConico has obtained authorization from the Eleventh Circuit Court

of Appeals to bring a successive petition before this court.[1]  Thus, the petition is due to be

DISMISSED pursuant to 28 U.S.C. § 2244(b)(3)(A), which requires a petitioner filing a second or

successive petition to obtain an order from the court of appeals, authorizing the district court to

---

[1] In fact, it appears that McConico has been denied authorization from the Eleventh Circuit Court of Appeals to file a successive habeas petition raising the claims he has presented in this petition.

4

consider the petition.  If the petitioner obtains the required order allowing him to file a successive

petition in this court, he may re-file his petition in this court.[2]

An appropriate order will be entered.

**DONE** this 20th day of September, 2005.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

---

[2]  The petitioner should note, however, that even if he obtains the necessary permission from the Eleventh Circuit Court of Appeals to file a successive petition, his petition could be barred by the one-year statute of limitations created by the AEDPA.